WILLIAM GRAHAME AND JOHN PARRAN, Ex'rs of RICHD. GRAHAME *vs.* HARRIS, PARRAN & Co. use THOMAS W. HARRIS. —*December*, 1833.

A plaintiff at law cannot unite in his declaration, counts against the defendant, in the character of executor, with counts against him individually; and if this is done, under our practice, the defendant may move the court at the trial, to instruct the jury that the plaintiff cannot recover in that state of the pleadings, because of the misjoinder of actions.

Under the act of 1825, ch. 117, to authorize the court of appeals to reverse a judgment of the county court, it must appear by the bill of exceptions that the point or question upon which the reversal is sought, was presented to

the county court, and that the judgment was rendered upon such point or question.

So where there was a misjoinder of causes of action in the plaintiff's declaration, some being against the defendant in one character and some in another, and the defendant at the trial moved the county court to instruct the jury, that the plaintiff cannot recover, because it was for a debt contracted for goods sold since the death of the defendant's testator, and the court refused the direction prayed for, and instructed the jury, that if they believe the defendant purchased the goods charged, they should find for the plaintiff; the defendant upon appeal cannot insist upon the misjoinder of counts as a ground of reversal, but must be confined to the question presented to and decided by the county court, and which assumed there was but one class of counts in the declaration.

Where a jury has been sworn, the defendant cannot call upon the court to *non pros* the plaintiff's suit without the plaintiff's consent.

A man cannot bring an action at law against himself. The same natural person cannot be both plaintiff and defendant on the record.

H, P & S, partners in trade, sold goods to G and P; after this, P assigned his interest in the claim to H, for value. Held, that H, P & S could not sue G & P at law, for the use of H.

APPEAL from *Calvert County Court.*

This was an action of *Assumpsit*, instituted on the 14th of July, 1830, by the appellees, *Thomas W Harris, John Parran*, and *Robert H. Smith*, trading under the firm of *Harris, Parran & Co.* against the appellants, as the executors of *Richard Grahame.* The declaration contained a *count* upon the promise of the testator, for matters and articles properly chargeable in account; for goods, wares, and merchandize, sold and delivered to the testator; for goods, &c. sold and delivered the defendants' executors as aforesaid, and for which they, executors as aforesaid, promised to pay; for money paid, laid out and expended, at the request, and for the use of the defendants, and for which the defendants, executors as aforesaid, promised to pay; and on an *insimul computassent* with the defendants, executors as aforesaid.

The defendants pleaded *non assumpsit*, and limitations, to which there were issues.

1. At the trial the plaintiffs proved, that *William Gra-*

*hame,* one of the executors, said he had examined the plain-tiffs' books of accounts, at the request cf *Parran,* the other defendant, and that he thought the claim ought to be paid, though *Parran* opposed it. He further proved, that the debt was contracted with, and due and owing by the appel-lants, to the appellees trading under the firm of *Harris, Parran & Co.* and that before this action was brought, the partnership existing between *Thomas W. Harris, John Parran,* and *Robert H. Smith,* was dissolved, and *John Parran,* one of the legal plaintiffs, and also one of the de-fendants, assigned all his interest in the said account, for value received, to *Thomas W. Harris,* for whose use the action is brought.

The defendant then proved, that *Richard Grahame,* the testator, died just before the first item charged in the account, upon which the present action is founded, was sold ; and that *John Parran,* one of the plaintiffs, and *John Parran,* one of the defendants, is one and the same person. The defendants then prayed the court to instruct the jury, that the plaintiffs cannot recover in this action, because it is for a debt contracted, for goods sold, and delivered since the death of the testator. But the court (KILGOUR and WIL-KINSON, A. J's.) refused the instruction as prayed ; being of opinion, and so directing the jury, that if they find from the proof, that *William Grahame* and *John Parran* pur-chased the goods charged in the account, they should find for the plaintiffs. The defendants excepted.

2. The defendants then prayed the court to *non pros* the action, upon the ground that *Parran* being one of the legal plaintiffs, the action could not be supported against the defendants, one of whom he also was. This the court refused to do, and decided that the action might be support-ed. The defendants excepted.

3. The plaintiff *John Parran,* then offered by his counsel to *non pros.* the action ; but the other plaintiffs objecting, the court would not permit it to be done. The defendants excepted.

There was a verdict for the plaintiffs; and the judgment of the court being that they recover the amount of the same from the defendants, executors as aforesaid, with costs, they prosecuted the present appeal.

The cause was argued before BUCHANAN, Ch. J., and STEPHEN, ARCHER, and DORSEY, J.

*Brewer* for the appellants, contended,

1. There is a misjoinder of actions. The two first counts are on the promises of the testator. The last on the promises of the defendants in their individual capacaties. In the three last counts, there is no averment of indebtedness, or promise by the defendants, *as executors,* as there should have been. *Chapman vs. Dixon admr. 4 Harr. and Johns.* 527. And there is nothing in the act of 1825, *ch.* 117, which prevents the court from noticing this objection. *Charlotte Hall School vs. Greenwell,* 4 *Gill and Johns.* 407. The exception need not assign the true reason. If the objection appears to have been presented to the court, it is sufficient. *Sothoron vs. Weems,* 3 *Gill and Johns.* 435. *State use Jackson vs. Edelin,* 4 *Gill and Johns.* 277. *Cox vs. Jones,* 5 *Ib.* 65.

2. The judgment is *de bonis propriis,* when it should have been *de bonis testatoris,* and cannot be sustained on any of the counts. This defect is not cured by the act of assembly, which makes the judgment good if there is one good count. That act applies simply to cases of good and bad counts; but has no application where the counts are inconsistent, as here.

3. The circumstance, that the same person is a plaintiff and defendant, is fatal to the action. 3 *Black. Com.* 18.

*Gill,* for the appellees.

1. The only point presented to the county court by the defendant's first prayer, was upon the right of the plaintiffs to

recover; because the claim sued on was for goods sold the defendants after the death of their testator. If the judgment of the court is to be reversed, it must be because that objection is a good one. This court can notice no other. *Sasscer vs. Walker,* 5 *Gill and Johns.* 110.

2. As *Parran,* one of the plaintiffs, had assigned his interest to one of the others for value, it is no objection to the action that he was also a defendant. *Owings and Piet vs. Low,* 5 *Gill and Johns.* 135. 1 *Chitty's Pl.* 25. The assignment by *Parran* for value was equivalent to an agreement, that the money should be recovered against him by the other plaintiff. *Vanness vs. Forrest,* 8 *Cranch.* 30. *Mainwaring vs. Newman,* 2 *Bos. and Pul.* 120, 124. *(e)*

3. The judgment is justified by the third count, which is sufficient to charge the defendants in their individual capacities.

BUCHANAN, Ch. J., delivered the opinion of the court.

There are five *counts* in the declaration filed in this case ; some against the appellants as executors of *Richard Grahame,* and some against them in their individual capacities ; and the account upon which the action is founded, is for goods sold and delivered to the appellants after the death of the testator, as executors. It appears too, in evidence, that *Parran,* one of the appellants, was a partner in the house of *Harris, Parran,* and *Smith,* of whom the goods were purchased, and by whom the suit was brought ; he, *Parran,* having assigned his interest in the claim to *Harris.* So that *Parran* was both a legal plaintiff, and a defendant in the action.

The appellants at the trial, moved the court to instruct the jury, that the appellees "could not recover under the pleadings in the cause, because it was a debt contracted for goods sold and delivered since the death of the testator." Which instruction the court refused to give, but directed the jury to find for the appellees, if from the proof, they should find that the appellants purchased from them the

goods charged in the account.    And the appellants ex-
cepted.

That the uniting in the declaration, counts against the
appellants in their character of executors, with counts
against them in their individual capacities, was a misjoinder,
of which advantage might been taken, in a proper form,
cannot be questioned.    And it is upon the ground of that
misjoinder, and also, because one of the appellants was both
a plaintiff and defendant in the action, that exception is
here taken to the refusal of the court to give the instruction
prayed, and to the direction that was given.

And if we were not restrained by the act of 1825, *ch.*
*117, sec.* 1, we should feel ourselves obliged to say, that in
that state of the pleadings the appellees were not entitled
to recover.    But that act provides, " that the court of ap-
peals shall not reverse any judgment, on *any point or ques-*
*tion, which shall not appear to have been presented to the*
*county court, and upon which that court may have rendered*
*judgment.*"    The provision, it will be seen, is not that the
court of appeals shall not reverse any judgment, on any
point or question which shall *appear, not* to have been pre-
sented to the county court, but "which *shall not appear*
to have been presented to the county court."    So that to
authorise this court to reverse any judgment of a county
court on any point or question, it must appear to this court,
that such point or question was presented to the county
court, and that the judgment was rendered upon that point
or question.

What then is this case? The prayer on the part of the
appellants was, that the court would instruct the jury, that
the appellees were not entitled to recover under the plead-
ings; not because there was a misjoinder of counts in the
declaration, nor because one of the appellees was both a
plaintiff and defendant in the action, but *because the debt*
*was contracted for goods sold and delivered after the death*
*of the testator.*    Which instruction the court refused to
give, but directed the jury, that they ought to find for the

appellees, if the goods were purchased by the appellants.

Now it may be, that the questions arising upon the mis-joinder, and upon the circumstance that one of the appel-lees was both a plaintiff and defendant, (one or both,) were presented to the court. But whatever may have been the fact, it does not appear to us from any thing in the record, that either of them was presented to the court; and certain-ly they were not necessarily so presented. On the contra-ry, there appears to be a strong probability that they were not; and that the question on the misjoinder of counts in the declaration, had not presented itself to the counsel; or why was not the objection, to the right of the appellees to recover, placed directly upon that ground, instead of being placed in the prayer, upon the ground that the debt was contracted for goods sold and delivered after the death of the testator? From which it would seem, that the attention of the counsel had been drawn to the two first counts in the declaration, which are against the appellants, as execu-tors of *Richard Grahame;* the first, as an indebtedness by the testator, for sundry articles properly chargeable in ac-count; and the second, for goods sold and delivered to him in his life-time. On neither of which could there have been a recovery for goods sold and delivered to the appel-lants after the death of the testator. And hence would ap-pear to have been the prayer for an instruction to the jury, that the appellees were not entitled to recover, *because* the debt was contracted for goods sold and delivered *after* the death of the testator; without adverting to the fact, or to the effect in law of the misjoinder. And the court seeing that the three other *counts* are against the appellants, in their individual capacities, may have decided on the prayer in reference to those counts, (upon which, if standing alone, the appellees would have been entitled to recover, for goods sold and delivered to the appellants,) without attending to the misjoinder, or to the position of one of the appellees, as both a plaintiff and defendant, or to the legal effect of either, if no question concerning them was presented to the court,

which does not *appear* to have been done. But rather, that the attention of the court was directed to another question, by the ground upon which the objection to the right of the appellees to recover, was placed by the prayer.

We should not therefore be at liberty, under the act of 1825, to reverse the judgment, on account either of the refusal by the court to give the instruction prayed, or of the direction that was given to the jury. The case of *Edelin vs. The State use of Jackson,* 4 *Gill and Johns.* 277, has been cited, to show that this case is not within the prohibition of the act of 1825, *ch.* 117; but there is an obvious distinction between that case and this. The action there was on an administration bond, to recover a distributive share of the estate of an intestate; and in the breach assigned in the replication, an inventory was alleged to have been returned by the administrator, and that after sundry disbursements made, there remained a certain balance of *that* inventory, in his hands for distribution; to a certain proportion of which, the plaintiff, as one of the distributees, was entitled, on which the issue was taken. And on that issue, the plaintiff was only entitled to recover a just proportion of what remained of that inventory, and nothing else; nothing else being claimed in the breach assigned. But there being negroes mentioned, and returned in the inventory, the plaintiff at the trial claimed to recover against the defendant, a proportion of the hire of the negroes also, over and above the amount of the inventory alleged in the replication, as returned and charged by the administrators in their accounts; the hire of the negroes not being so returned and charged; which claim, to charge the defendant beyond the inventory alleged in the replication, being objected to, the question, whether it was within the breach assigned, and could be recovered under the issue joined, appears necessarily to have been presented to the court. The claim was to charge the defendant with what was not contained in the inventory, nor assigned as a cause of action, and the objection was, that he could not be so charged.

The very claim and objection, therefore, of themselves raised and presented to the court, the question whether it could be done. That was the point to be decided. But not so here. The prayer in this case, does not of itself necessarily present any question in relation to the effect, either of the misjoinder of counts in the declaration, or of the fact of one of the appellees being both a plaintiff and defendant, on the right of the appellees to recover. But rather, as it would seem a question, as to the sufficiency of the proof to sustain the claim of the appellees, without reference to those technical objections, to which the attention of the court does not appear to have been necessarily drawn by the prayer, and apart from which the direction given to the jury was right. But the appellants proceeded to move court to *non pros* the action, *on the ground* that *Parran*, one of the appellees, was both a legal plaintiff, and a defendant on the record; which, according to the practice of this State, (a jury having been sworn) the court properly refused to do without the consent of the appellees; but proceeded to decide that the action might be sustained. In which we think the court clearly erred. A man cannot bring an action at law against himself. The same natural person cannot be both plaintiff and defendant on the record.

JUDGMENT REVERSED.