JESSE H. HAUGH, and MARGARET A. HAUGH his wife, and MANOAH METZ *vs.* WILLIAM P. MAULSBY, and HARRY M. CLABAUGH, trustees, and others.

*Creditors—Right to institute Suit—Insolvency—Preliminary trustee—Fraudulent conveyance—Jurisdiction—Permanent trustee in Insolvency.*

Creditors have the right to institute proceedings to vacate an alleged fraudulent conveyance executed by their debtor, notwithstanding he afterward went into insolvency, and his preliminary trustee was appointed ; and when such trustee and all other persons interested have been made parties to such proceedings, a decree will be passed determining all the interests involved.

Where a conveyance executed by a debtor, who subsequently applied for the benefit of the insolvent laws, and his preliminary trustee was appointed, is vacated for fraud in a suit by the grantor's creditors, the title to the property covered by the deed vests in the preliminary trustee, and will devolve on the permanent trustee on his filing an approved bond.

APPEAL from the Circuit Court for Carroll County, in Equity.

The bill of complaint was filed by certain creditors of Jesse H. Haugh for the purpose of setting aside a deed made by said Haugh on the ninth day of May, 1883. The deed was executed by Haugh and his wife, and conveyed a lot or parcel of ground in Carroll County to Manoah Metz for the consideration (as expressed in the deed) of three thousand five hundred dollars. It was alleged that the consideration was not, in fact, paid by Metz, but that the pretended payment was simulated and fraudulent, and was a device to cheat and defraud the creditors of Haugh, and was well known and understood to be such by Haugh and wife, and also by Metz. It was also alleged that

Haugh at the time of the conveyance was much indebted, and was insolvent, and that these facts were well known to Metz, and that Haugh and wife executed the deed in contemplation of the insolvency of said Haugh, and with intent to delay, hinder and defraud his creditors, and that these purposes were well known to Metz. It was also alleged that on the seventh day of November, 1883, Haugh applied for the benefit of the insolvent laws, and that Charles E. Fink become his permanent trustee. The prayer of the bill was that the deed might be cancelled, vacated and set aside, and that the property might be sold, and the proceeds applied to the payment of the debts of the said Haugh. Haugh and his wife and Charles E. Fink were made defendants.

The joint answer of Haugh and wife admits the execution of the deed to Metz, and that Haugh at the time was insolvent and unable to pay his debts in full, but denies all charges in reference to the fraud. It also admits the application of Haugh for the benefit of the insolvent laws. The answer of Fink admits that he is the permanent trustee of Haugh in insolvency and denies the right of the creditors of Haugh to institute proceedings to obtain the relief prayed for in this case, and claims that he alone has the exclusive right to institute proceedings to set aside, on the ground of fraud, any conveyance which may have been executed by Haugh. It neither admits nor denies the other matters charged in the bill of complaint. The evidence showed the application for the benefit of the insolvent laws by Haugh, and that on the seventh day of November, 1883, Charles E. Fink was appointed his preliminary trustee, and his bond was filed and approved, and that on the nineteenth day of December, 1885, the same person was appointed permanent trustee. But it did not appear that his bond as permanent trustee had ever been filed or approved. It was stated in Fink's answer that Swope and Reindollar were trustees for the benefit of

creditors under a deed from Jesse H. Haugh, but the deed does not appear in the record, although counsel on both sides referred to it in the argument. A good deal of testimony was taken on the question of fraud. The Circuit Court passed a decree setting aside the deed as fraudulent; and Haugh and wife and Metz appealed.

The cause was argued before ALVEY, C. J., YELLOTT, IRVING, and BRYAN, J.

*William A. Hammond,* and *Charles E. Fink,* for the appellants.

The first question presented, is whether the plaintiffs have any standing in Court. If there is a permanent trustee, he is "the officer of the law selected to represent the creditors," and the proper person to institute such a proceeding as this. If he refuses to act upon demand made, then the creditors may proceed themselves, "but they must allege the demand and refusal by the trustee to act, and he is an indispensable party defendant to the suit." 2 *Poe's Prac., sec.* 809.

But there is no duly qualified permanent trustee here, because his bond was never filed or approved. *Stewart vs. Stone,* 3 *Gill & J.,* 514.

Can the creditors then file the bill themselves? Not so says the Court of Appeals in the case of *Jamison vs. Chestnut,* 8 *Md.,* 34, where the bill was filed after the death of the trustee. In such a case says the Court, proceedings should have been taken to have a new trustee appointed, and the decree in favor of the complainants was reversed. The analogy between that case and the present would seem to be perfect.

But supposing the bill to have been properly filed, was there sufficient evidence to justify the Court in setting aside the deed?

It can no longer be questioned in Maryland, that the wife may be a preferred creditor of the husband. *Crane*

*vs. Barkdoll,* 59 *Md.,* 534; *Mayfield vs. Kilgour,* 31 *Md.,* 244; 2 *Poe's Prac., sec.* 807.

And such preference being good under the Statute of Elizabeth, if made *bona fide* and for a valuable consideration, "the burden of proof rests upon the plaintiff assailing the conveyance, for the law presumes it *bona fide* until the contrary is shown." *Cooke vs. Cooke,* 43 *Md.,* 531-2.

"If the act of the parties be such as the law authorizes and approves, the secret motives that prompted it are wholly immaterial." *Horwitz vs. Ellinger,* 31 *Md.,* 492, 504; *Boyd vs. Parker,* 43 *Md.,* 182.

*H. M. Clabaugh,* and *William P. Maulsby,* for the appellees.

BRYAN, J., after stating the case, delivered the opinion of the Court.

A careful consideration of the testimony convinces us that the deed in question was executed for the purpose of defrauding the creditors of Jesse H. Haugh, one of the grantors; and that the grantee participated in the fraudulent scheme. It would answer no good end to discuss the details of this transaction. But it is necessary for us to state the reasons for the opinion which we hold on another question in the case. By the Act of 1880, chap. 172, sec. 2, it was provided that when the bond of the preliminary trustee of an insolvent debtor was approved, all the insolvent's property (with the exceptions mentioned in the first section) should vest in him; and precisely the same provision was made in reference to the permanent trustee when his bond was filed and approved. The devolution of title was to take place from the preliminary to the permanent trustee without the slightest change in any respect as soon as the bond of the permanent trustee was filed and approved. In the present case as the bond of the permanent trustee was never approved, the title to the insolvent's

property always remained in the preliminary trustee. It happens that both trusteeships are represented by the same individual. When, therefore, Charles E. Fink was made a party defendant, every interest in the property in controversy was represented before the Court. The grantors and grantee represented every interest which could be passed under the deed; the preliminary trustee held for the benefit of creditors every interest in the property, which the creditors could claim for the payment of their debts, that is to say, the entirety if the deed should be adjudged fraudulent; and the creditors were present actively urging their own claims. When all the parties interested in a controversy are before a Court of equity, there cannot possibly be any reason why a decree should not be made determining their rights as they appear in the case. Although the trustee held the title to the property for the benefit of the creditors, yet it must not be forgotten that the creditors are the *cestuis que trust*, and that they have an undoubted right at all times to appeal to the Court for the protection of their own interest. It has been frequently stated that the trustee is the person appointed by law to represent creditors, and to assert their claim to property fraudulently conveyed away by the insolvent. Undoubtedly this is true. But the trustee, when made a party defendant in equity, can as efficiently maintain his rights, as if he were complainant. In *Gibson vs. McCormick*, 10 *Gill & Johnson*, 101, it was held that a decree might be passed in favor of one co-defendant against another, and the Court recognize it as familiar practice. And moreover the right of equitable claimants to file a bill to protect their own interest could not be denied without infringing some of the best settled principles of practice. In *Swan vs. Dent*, 2 *Md. Chan.*, 111, a bill was filed to set aside a deed fraudulently made by a grantor who afterwards applied for the benefit of the insolvent laws, and the trustee was made a defendant. The Chancellor set

the deed aside, and the decree was affirmed in 7 *Gill*, 278. In *Jamison vs. Chesnut*, 8 *Md.*, 34, it was held that the trustee should have been made a party to a suit in equity to set aside a fraudulent deed made by an insolvent; but it was not said that it was necessary to make him a complainant. In *Syester vs. Brewer*, 27, *Md.*, 288, the Court speaks of it as an undoubted right of the creditor, to file a bill to set aside a fraudulent conveyance made by a debtor, who afterwards went into insolvency. No one doubts that the permanent trustee might file a bill to set aside this deed. If he is brought before the Court as co-defendant with the grantors and grantee, he can have the same relief against them, and consequently he is not in the slightest degree prejudiced by such a proceeding. The title of a preliminary trustee is given by the statute in the same terms as those which give title to the permanent trustee; and consequently he is as competent to represent the estate, when made a co-defendant with the parties named. Fink is described in the proceedings as permanent trustee in insolvency; but as his title in such capacity never vested, this designation of him must be regarded as a mis-description. The bill intended to implead him in the capacity with which he was invested by the insolvent proceedings; that is to say, as preliminary trustee. This variance is too trivial to have any effect in the case.

In our opinion the decree of the Circuit Court was in all respects correct. We think that the title to the property, on the vacation of the deed, vests in the preliminary trustee; and that it will devolve on the permanent trustee when he files an approved bond.

*Decree affirmed, with*
*costs in both Courts.*