ANNIE STEIN, Widow, et al. *vs.* ANNIE STEIN et al.

*Dower—Sale of Land Discharged Therefrom—Allowance in Lieu of Dower—Equity Practice.*

The same person should not appear as both a plaintiff and a defendant in the same cause, whether the proceeding be amicable or hostile.

Where a widow consents to a sale of her deceased husband's real estate discharged of her dower right, she is entitled under Code, Art. 16, sec. 43, to a fixed proportion of the net proceeds of such sale, and a Court of Equity has no power to change that proportion.

Where in such case the widow does not consent to the sale, she may have her dower laid off under the statute, but if this is not done, the sale must be made subject to her right of dower.

The widow cannot consent to the sale and at the same time claim a larger proportion of the proceeds of sale than is allowed by the statute in the case of her assent.

A widow was entitled to dower in certain property, directed by the will of her husband to be divided into four equal parts, which were then given in trust for the testator's children. A sale of the property was necessary in order to carry out the provisions of the will. *Held,*

1st. That the trustees appointed to make sale of the property for the purpose of division, had no power to sell the same free from the widow's dower, without her consent, upon awarding her for life one-third of the income to be derived from the invested proceeds of sale.

2nd. That if the widow should consent to the sale, she would not be entitled for life to one-third of the income to be derived from such proceeds.

Appeal from a *pro forma* decree of Circuit Court No. 2, of Baltimore City, by which it was adjudged that upon the sale of the property described in the case stated, with or without the consent of Annie Stein, widow, she should be entitled to one-third of the income derived from the proceeds of sale in lieu of dower in said property. The case is stated in the opinion of the Court.

The cause was argued before ROBINSON, C. J., BRYAN, McSHERRY, FOWLER, BRISCOE and BOYD, JJ.

*Bernard Wiesenfeld,* for the appellants, cited: *Williams case,* 3 Bland, 276.

*Bernard Wiesenfeld,* for the appellees, cited: *Maccubbin* v. *Cromwell,* 2 H. & G. 456; *Herbert* v. *Wren,* 7 Cranch, 370; *Hale* v. *James,* 6 Johns, 258; *Chase's case,* 1 Bland, 206-232; 2 *Scribner on Dower,* ch. 7, sec. 44; Ch. 23, sec. 9.

McSHERRY, J., delivered the opinion of the Court.

This is an appeal from a *pro forma* decree passed in a special case stated under rule forty-seven of the General Equity Rules. The facts are these: Annie Stein has a dower interest in certain property, which property was directed by the will of her deceased husband to be divided into four equal parts that were then given in trust for the testator's children. This property cannot be divided, and the widow's dower cannot be laid off. To carry out the provisions of the will, a sale and a division of the proceeds is necessary. The questions which the Court is asked to determine are: Can the trustees, appointed by a decree of a Court of Equity to make sale of this property for the purposes of a division, sell the same free from the widow's dower, without her consent, upon awarding to her for her life one-third of the income derived from the invested proceeds of such a sale? Or, if the widow should consent to the sale, will she become entitled during her life to one-third of the income derived from the invested proceeds of such sale? A *pro forma* decree was passed adjudging that upon a sale of the property, with or without the consent of the widow, she would become entitled to one-third of the income derived from the proceeds of sale, in lieu of dower. From that decree this appeal was taken.

It is perfectly obvious that this *pro forma* decree is wrong.

Before, however, proceeding to state the reasons in support of this conclusion, we must advert to the fact that the questions we are called on to decide, have been propounded in a cause in which the same person appears upon both sides of the controversy. Whether the controversy be amicable or hostile, such a procedure is anomalous. A person cannot be both plaintiff and defendant at the same time in the same cause. Diverse and conflicting interests cannot be represented on opposite sides of the docket by the same individual at one and the same time. This Court had occasion to express its strong disapproval of such a course in *Owens & Crow* v. *Crow & Hubbard,* 62 Md. 497. It was there said, and we now repeat: "We feel obliged to express our disapproval of a practice which has to some extent prevailed, namely, that of putting the same individual on opposite sides of the record. * * * * * It is a solecism in jurisprudence for a party to sue himself. The same will would control both the prosecution and the defense, and there would be no real contestation. There is no propriety in such a practice, and no necessity for it. * * * * We cannot tolerate such a practice."

Coming now to the questions propounded, it is clear that there are but two conditions under which, in proceedings like this, the inquiry as to what disposition is to be made of the widow's dower can arise. And these are, first, where she consents to a sale of her deceased husband's real estate, clear and discharged of her dower right; and secondly, where she does not so consent. In both instances the law is explicit. As to the first, it is prescribed by sec. 43 of Art. 16 of the Code, that " in all cases where lands and tenements are to be sold under a decree, and the widow, who is entitled to dower in such lands, will consent in writing to the sale of the entire estate therein, the Court shall order the same to be sold free from any claim of dower, and shall allow the widow a portion of the net proceeds of such sale, not exceeding one-seventh and not less than one-tenth." This section comprehends all cases where the widow con-

sents to a sale free of her right of dower. In every such
instance, therefore, the Legislature has fixed within defined
limits the amount to which she shall be entitled in lieu of
dower, and no judicial tribunal has any power or authority
to vary or change those limits. Hence, when the widow
consents to a sale being made, free of her dower right, she
must take in lieu of that dower precisely what the statute
prescribes, and she is entitled to nothing more, nor can she
be required to accept anything less. On the other hand, if
she does not consent to such a sale, then she may have her
dower laid off, under sec. 45 of Art. 16, or under sec. 62
of Art. 46 of the Code. But if this be not done, and a
sale be made without her concurrence, it must be made
subject to her right of dower. The fact that such a sale
would yield smaller proceeds than an unincumbered title
would produce, can have no influence on the question. The
widow has the option to unite in the sale or not. If she
declines to do so, her status is fixed by the law and she
cannot be coerced ; if she agrees to do so, then the amount
to which she is entitled in lieu of her dower is settled and
fixed by the Code. She cannot, therefore, consent to a
sale and at the same time claim a larger proportion of the
proceeds than the statute allows her where she does con-
sent.

The case of *Maccubbin* v. *Cromwell*, 2 H. & G. 443, was
much relied on by the appellees, but it has no application
to the question before us. When that case was decided in
1828, the statutes in force in Maryland, with respect to sales
free from the widow's dower, were much less comprehen-
sive than they now are. At that time the Act of 1816, ch.
154, relating to decrees for the sale of the real estate of
minors, the Acts of 1818, ch. 193, and 1819, ch. 183,
respecting the sale of real estate to save the personalty, and
the Act of 1820, ch. 191, reducing to a system the laws to
direct descents, were the only statutes relating to the sub-
ject. The case of *Maccubbin* v. *Cromwell* was not within
the purview of either of these Acts, for the decree was

passed upon a bill filed to set aside a conveyance alleged to be fraudulent as against creditors. But now, however, under sec. 43 of Art. 16, and sec. 63 of Art. 46, every case involving a sale of the widow's dower by her consent is fully covered.

It follows from what we have said, first, that the trustees appointed to make sale of the property referred to in the case stated have no power to make the sale clear of the widow's dower without her consent in writing; and secondly, that if they sell clear of her dower with her consent, they can award her, in lieu of her dower, no greater sum than the statute prescribes. This being so, the decree which undertook to give her one-third of the income derived from the proceeds of a sale made with or without her consent was erroneous and must be reversed with costs.

*Decree reversed with costs above and below and cause remanded.*