MARY J. NOEL ET AL. *v.* ETHEL M. NOEL

[No. 19, October Term, 1937.]

*Decided November 11th, 1937.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*William Milnes Maloy,* with whom was *George Moore Brady* on the brief, for the appellant.

*Walter H. Buck* and *Eldridge Hood Young,* with whom were *R. Contee Rose* and *Young & Crothers* on the brief, for the appellee.

PARKE, J., delivered the opinion of the Court.

Jacob S. Noel died intestate on January 21st, 1936, and left surviving him a widow, Ethel M. Noel. He had no descendants, and his mother, Mary J. Noel, and a sister, Maude Noel Welsh, and a brother, Frank D. Noel, who survived him, are his only next of kin. His widow was appointed his administratrix, and controversies arose over what constituted his estate. On August 7th, 1936, the widow, as sole plaintiff, filed in equity a suit against the mother and sister of her late husband, and the Fidelity Trust Company and Equitable Trust Company. The two companies are the corporate bailees of personal property whose ownership is in dispute between the complainant and the other two defendants.

By leave of the chancellor, the plaintiff became a coparty plaintiff in her representative capacity, and an amended bill of complaint was accordingly filed. As so amended the bill of complaint sought, in addition to general relief, an adjudication that the widow is the owner of the personal property in controversy; and the passage of an immediate order which would require that the personalty be put, during the litigation, in the custody of an appointed receiver for the preservation of the personalty, the collection of its income, and the restriction of access to its depository to the receiver.

The mother and sister demurred to the amended bill of complaint, and, on the same day, filed a motion praying that the order granting leave to the administratrix to intervene as a party complainant be rescinded. The chancellor heard the questions thus raised, and decreed that the demurrer be overruled, and the motion be rejected, with leave to the defendants to answer within fifteen days. The defendants appealed from this decree. *Chappell v. Funk,* 57 Md. 465, 472; *Maas v. Maas,* 165 Md. 342, 344, 345, 168 A. 607.

The well-pleaded allegations of the bill of complaint, which are admitted by the demurrer, set forth these facts. After stating the relationship of the parties involved, the death of the husband, and the administration of the surviving widow upon his estate, the bill of complaint then shows that the husband's inability to support his wife caused them to separate, and the wife to return to her home in Virginia. She remained there until the year 1908, when she and her husband agreed that she would return to Baltimore, and they would together open and conduct in Baltimore a cleaning and dyeing business. The agreement was that both would give their full time to the operation and supervision of the business, and that the "profits" so jointly earned in their enterprise, upon the death of either, would go to the survivor. In pursuance of this contract, the wife and the husband began the business in the year 1908, and they together continued to carry on the enterprise

under this agreement without change, and fully performed their respective undertakings, until the husband's death. The business succeeded, and profits were invested, together with some money distributed to the wife as next of kin, in the improved real estate where the business was conducted, and in another lot of land. In fulfillment of their contract, these parcels of land were conveyed to the spouses as tenants by the entireties, since, aside from the wife's contribution of her own money received as next of kin, the purchase prices paid were solely derived from the profits of the business.

The funds of the business, and the rents and the profits of the business and of the securities which the spouses purchased with their joint profits and funds, were kept in several banking institutions in the joint names of the husband and wife, to be paid to the survivor.

The husband collected the rents of the real estate, and attended to the financial affairs of the business, and, so, purchased various bonds and stocks and other securities with the joint income and profits of the business. He had no independent means nor income, and his wife confided in him and, knowing that the bonds, stocks, and securities so purchased were held in joint tenancy under their contract, believed these investments were so assured by the form of their issue or other muniment of title. However, upon his death, the wife discovered that for some years the husband had rented two safe deposit boxes in separate banking institutions. The contract of rental of one was that the right of access was by the husband, his mother, and his sister, and that, in the case of the death of the husband, the survivor or survivors of the three should have the right of entry. In this box were deposited in cash $7,095.50, and many valuable securities. There were certificates of shares of stock of various corporations in the name of Jacob S. Noel; and some certificates in the names of Jacob S. Noel and Mary Noel as joint tenants. In addition, the box contained bonds earmarked as the property of Jacob S. Noel, and others registered or earmarked in the names

of Jacob S. Noel and Mary Noel as joint tenants, and, finally, a bankbook issued by the Eutaw Savings Bank in the name of Jacob S. Noel in trust until withdrawal for himself and Mary J. Noel, joint owners, subject to withdrawal by either, the balance at death of either to belong to survivor. The book showed a deposit credit of $1,683.36.

The bill of complaint alleges that some of the securities in the name of Jacob S. Noel had transfer powers attached with the name of the wife affixed. It is further averred that all of these securities and money were the joint property of the husband and wife, and were so acquired and paid for out of the profits and rents of their business and their investments, and are all now the property of the wife as the survivor. The wife charges that the transfers and appropriations made are without consideration, and were all in violation of the contract, and in fraud of her rights. She further states on information that the mother and sister have entered the safe deposit box and have taken possession of such of the certificates of stock and bonds as they claim, and have had them or a part of them transferred unto the said Mary J. Noel and Maude Noel Welsh as joint tenants.

The second safe deposit box was rented by the husband in the names of Jacob S. Noel and Ethel M. Noel, with the right of survival, and in this box the surviving wife found certain securities issued in accordance with the agreement of the spouses; and a check in the sum of $3,362.85 to the order of the husband for the proceeds of sale of certain shares of stock.

The grounds of demurrer that require consideration are that Ethel M. Noel, the surviving wife, has her remedy in the Orphans' Court, where she has qualified as administratrix; and that Ethel M. Noel may not be joined as a party plaintiff in her personal capacity and in her representative capacity as administratrix of her dead husband.

The facts stated in the bill of complaint disclose that

the personal property in controversy embraces, first, profits which had not been withdrawn from the partnership and invested, and, secondly, profits which had been withdrawn from the copartnership and invested in other forms of personal property. These two classes present some points of difference. With reference to the first class, the relation of the wife is that of a surviving partner, who, subject to the liabilities of the partnership, claims title under the terms of the partnership agreement; and, with respect to the second class, the wife asserts her right to sole ownership and title as the surviving joint tenant.

In respect of property of the first class, the rights and obligations of the wife are clear. The facts set out in the complaint show that a copartnership in business between the husband and wife had existed until dissolved by the death of the husband. Code, art. 45, sec. 20; art. 73A, secs. 30, 31 (4). It thereupon became the right and obligation of the wife as surviving partner to wind up the partnership affairs. Article 73A, sections 37, 25 (d).

The statutory obligation of each partner was to account to the partnership for any benefit, and hold as trustee for it any profits derived by him without the consent of the other partner from any transaction connected with the formation, conduct, or liquidation of the partnership or from any use by him of its property. Code, art. 73A, sec. 21 (1). The bill of complaint charges the husband, who was accountable as a fiduciary, with a wrongful conversion to his own use of the partnership profits and property. The violation by the husband of the agreement was a breach of duty and made him accountable as a fiduciary, and brought the matter within the jurisdiction of a court of equity. So, the Orphans' Court had no jurisdiction over the winding up of the partnership affairs of the husband and wife, upon the death of the husband leaving the wife as the surviving partner, and none over the enforcement of the liability of the estate of the husband to account to the sur-

viving wife for his breach of duty in his fiduciary relation to her in respect of the profits and property of the spouses within the terms of the contract of partnership.

The plaintiff was, therefore, entitled to follow the profits of the partnership, and, subject to the rights of third parties, to impress upon the profits, or the form they had assumed, and the property into which they had been invested or transformed, a trust for the use and benefit of the partnership, and, after a discharge of the partnership liability, for her own sole use and benefit under the terms of the contract of partnership. *Coyne v. Supreme Conclave,* 106 Md. 54, 56, 66 A. 704; *De Bearn v. Winans,* 111 Md. 434, 472, 74 A. 626; *Ruhe v. Ruhe,* 113 Md. 595, 602, 77 A. 797; *Stone v. National City Bank,* 126 Md. 231, 234-236, 94 A. 657.

The property of the second class was the personalty which had been procured by means of the profits that had been withdrawn from the affairs of the partnership to be enjoyed and possessed in accordance with the contract, but which the husband had wrongfully converted and secretly appropriated as his property in severalty. In so fraudulently violating his obligation to invest and have the evidence of ownership in the names of himself and wife as joint tenants, with the right in the survivor, upon the death of either, to take the whole in severalty, the husband by this willful abuse of power became a trustee for the use and benefit of his wife as joint tenant, and the property, unless transferred for value to an innocent assignee or holder, was impressed with this trust. *Supra;* and *Springer v. Springer,* 144 Md. 465, 482, 483, 125 A. 162; *Jasinski v. Stankowski,* 145 Md. 58, 62, 63, 125 A. 684; *McIntyre v. Smith,* 154 Md. 660, 665, 141 A. 405.

The enforcement of the implied trust so created is peculiarly within the jurisdiction of a court of equity, where full and complete relief is afforded within the general scope of the allegations upon which the prayers for general and special relief depend. *Jasinski v. Stankowski,* 145 Md. 58, 65, 125 A. 684; *Leupold v. Leupold,*

156 Md. 516, 517, 144 A. 647; *Dillfelder v. Winterling,* 150 Md. 626, 633, 634, 133 A. 825; *Lipp v. Lipp,* 158 Md. 207, 148 A. 531; *McInnes v. McInnes,* 163 Md. 303, 311, 163 A. 85; *Gough v. Crane,* 3 Md. Ch. 119; *Miller's Equity Proc.,* sec. 100.

While the administration and distribution of the personal estate of an intestate should generally be in the Orphans' Court, it frequently occurs that the statutory and limited powers of this court are not adequate, and recourse must be had to equity. The complicated circumstances of the conflicting claims, interests, and relations, of the parties concerned, in the estate of the present intestate and in the property of the partnership at death, require the comprehensive and adaptive relief and remedy of equity. *Bagby's Executors and Administrators* (2nd Ed.) sec. 108.

With reference to the joinder of the widow in her personal capacity, and as administratrix, it should be said that it is a general rule of equity pleading that all persons who are materially interested in the object of the suit or who will be affected by the decree should be made parties either as plaintiffs or defendants. *Bowen v. Gent,* 54 Md. 555, 570, 571; *Oliver's Excrs. v. Palmer,* 11 G. & J. 426, 449; *Binney's Case,* 2 Bland 99, 105. The reason for this rule is that, in furtherance of a sound public policy, equity seeks a decree which finally and completely determines, without a multiplicity of suits or circuity of procedure, the rights and interests which all parties have in the subject matter or object of the suit, in order that the parties may safely obey and act upon the decree. *Miller's Equity Proc.,* secs. 20, 21. Not only does a court of equity determine the questions involved, but through its decree it completely arranges and enforces the rights and interests which the decree immediately affects.

Where a person sues or defends in equity in a fiduciary capacity, the necessity of making the beneficiary a party depends upon whether or not there may exist any conflict of interest. As a general rule, the fiduciary

represents the beneficiary in suits which relate to the fiducial relation, and it is unnecessary for the beneficiary to be joined as plaintiff or defendant, if there is no conflict of interest between the fiduciary and the beneficiary, nor among the beneficiaries themselves. *Miller's Equity Proc.*, secs 44, 30; *Van Bokkelen v. Tinges*, 58 Md. 53; *Stoll v. Smith*, 129 Md. 164, 98 A. 530. If the suit embrace the purpose to determine rights between the beneficiaries, or the fiduciary and the beneficiaries, it is necessary to bring in the beneficiaries as parties. Hence, where the fiduciary asserts a right or an interest in his personal capacity which, if established, would make him a beneficiary, or create a right in diminution, conflict, or extinction of the rights or interests of any beneficiary, the beneficiaries must be parties in a suit to ascertain and decree these rights or interests. *Miller's Equity Proc.*, secs. 41-43; *Bogert on Trusts and Trustees*, secs. 592, 593.

If the rights or estate of the fiduciary are adverse to the rights or interests claimed or held in his personal capacity, or adverse to the rights or interests of other beneficiaries, the fiduciary in his representative capacity would have the right to proceed in equity to ask the court of equity to assume jurisdiction of the trust relation, and have there considered and adjudged the respective rights and interests of the fiduciary in the several capacities. In order to be concluded in both his personal and representative capacities such a person should proceed as plaintiff in both capacities, because the same person may not generally appear in different capacities on both sides of the suit. The reason is that it is against public policy for the same person, although appearing in different capacities, to control, whether singly or jointly, the pleading and procedure of both plaintiff and defendant; and in the same proceedings both to admit or to approve and deny the right or interest in controversy. *Miller's Equity Proc.*, sec. 84, pp. 104, 105; *Owens v. Crow*, 62 Md. 491, 497; *Stein v. Stein*, 80 Md. 306, 308, 30 A. 703; *Loney v. Loney*, 86 Md. 652, 655, 38 A. 1071; *Murphy v.*

*Penniman,* 105 Md. 452, 456, 457, 66 A. 282; *Foschia v. Foschia,* 158 Md. 69, 148 A. 121; *McNally v. Rinn,* 169 Md. 399, 181 A. 675.

The same objections do not apply to the union of a personal and a representative capacity in the same person on the same side of a suit. If there is an adverse interest to the equitable right asserted in the bill of complaint on the part of the fiduciary in either his personal or representative capacity, the adverse interest will be adequately represented by the beneficiaries or the persons affected, who will appear as parties on the opposite side of the record. *Owens v. Crow,* 62 Md. 491, 498.

Again, equity may proceed and decree according to the rights and interests of the parties as these may be ascertained and determined; and, if necessary, without regard to the position of the parties on the record. Thus equity will permit a defendant to maintain his rights as if he were a plaintiff, and may give relief to both plaintiffs, or separate and distinct relief to each. As to one, the bill may be dismissed, and relief granted to the other; and, so, with respect to the defendants. *Miller's Equity Proc.,* secs. 73, 74, 265, 271; *Phelps' Jur. Eq.,* sec. 145; Code, art. 16, sec. 198; Rule 31; *McCormick v. Gibson,* 3 G. & J. 12, 17; *Farmers' & Mechanics' Bank v. Wayman,* 5 Gill 336, 353, 354; *Contee v. Dawson,* 2 Bland 264, 292; *Grahame v. Harris,* 5 G. & J. 489, 497; *Gaither v. Clarke,* 67 Md. 18, 27, 28, 8 A. 740; *Haugh v. Maulsby,* 68 Md. 423, 427, 428, 14 A. 65; *Neal v. Rathell,* 70 Md. 592, 599, 17 A. 566; *Riley v. Carter,* 76 Md. 581, 613, 25 A. 667; *Whitridge v. Whitridge,* 76 Md. 54, 62, 24 A. 645 (Opinion of Phelps, J.); *Linthicum v. Polk,* 93 Md. 84, 96, 48 A. 842; *Binney's Case,* 2 Bland 99, 108; *Tartar v. Gibbs,* 24 Md. 323, 337; *Mayo v. Tomkies,* 6 Munf. (20 Va.) 520; 24 *C. J.* sec. 2042, p. 812.

The legal title to the personalty of the intestate is in the widow in her capacity as administratrix. Since much of the personalty alleged to be in the possession of the mother and sister of the intestate under a claim of ownership, and in the custody of the widow as administra-

trix, is in the form of securities issued in the name of the intestate as owner, and since the widow, as either the surviving partner or the surviving joint tenant, asserts an equitable right to this personalty, the legal right to demand and have the possession of such personalty, and the equitable or beneficial right to the ownership as surviving partner or surviving joint tenant would, on the allegations of the bill, concur in the complainant in her natural and representative capacities. Again, if the property in controversy, in whole or in part, should prove to be neither partnership property nor affected by a trust in favor of either the surviving wife, or mother or sister, nor the property of the mother and sister by valid gift, the title to the personalty would be in the wife as administratrix for the use and benefit of the widow and mother of the intestate in equal moieties on distribution of the estate. Code, art. 93, sec. 132, and section 127, as amended by Laws 1933, ch. 386. Accordingly, all persons in title, right, or interest are parties to the cause. While the interests or rights of the wife in her personal and representative capacities are adverse in some respects and not in others; and the interests or rights of the mother and sister, between themselves, are also adverse in some respects and not in others, nevertheless the rights or interests of the plaintiff in both capacities are wholly adverse to the rights or interests of the mother and sister as defendants. *Wlodarek, v. Wlodarek,* 167 Md. 556, 565, 175 A. 455.

The conflict between the rights and interests of the plaintiff, in either capacity, with those of the defendants, is so fundamental and material and weighted with such pecuniary advantages to the victor, as to assure a contest in which every adverse right of the wife in her capacity as administratrix to any demand on her part as partner or surviving joint tenant will be adequately presented to the chancellor for consideration and adjudication. Moreover, if there should develop in the course of the litigation any occasion for such action, the chancellor will name a person to represent the interests of the estate

of the intestate, so as to assure a full and complete presentation of all the relevant and material facts which may be necessary for the court of equity to do complete justice in deciding upon and settling the rights of all persons interested in the subject of the suit. *Daniell's Chancery Pl. & Pr.* (Am. Ed.) *202, *203, *38; *Story's Equity Pleadings*, sec. 66; *Mitford Eq. Pl. by Jeremy*, 29, 30, 104; *Cooper, Eq. Pl.* 32.

After a consideration of all the grounds of demurrer the court is of the opinion that the demurrer to the bill of complaint was properly overruled by the chancellor.

*Decree affirmed, with costs to the appellee, and cause remanded.*