(Decided 30th March, 1880.)

WILLIAM H. CORNER *vs.* JOHN S. GILMAN and HAYWARD M. HUTCHINSON, Executors of EDWIN A. ABBOTT, and others.

*Practice in Equity—Bill by one Member of a Firm to recover his Share of Indebtedness due it by another Firm.*

A bill cannot be maintained by one member of a firm, before there has been a settlement of the partnership accounts, against the members of another firm to obtain against them and each of them, a decree for the payment of what is alleged to be the complainant's share of an indebtedness by the latter firm to the firm of which the complainant was a member.

Such a complainant has no right to embrace in the same bill an accounting between his partner and himself, and an accounting between the two firms.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., MILLER, ALVEY, ROBINSON and IRVING, J.

*Arthur W. Machen* and *Richard J. Gittings,* for the appellant.

*Bernard Carter*, for the appellees.

ROBINSON, J., delivered the opinion of the Court.

This bill is filed by the complainant, formerly a member of the firm of Abbott & Corner.

It alleges that Abbott & Sons were indebted to Abbott & Corner in the sum of $5802.96, and that reckoning said debt as part of the assets of the firm, there is due to him $1973.02, being the amount of his share as partner in the said debt of $5802.96, due by Abbott & Sons to Abbott & Corner.

The bill prays that a decree may be passed against each of the parties defendant for the payment of said sum of $1973.02.

This, then, is a bill filed by one member of a firm against the members of another firm to obtain against them, and each of them, a decree for the payment of what is alleged to be the complainant's share of an indebtedness by the latter firm to the firm of which the complainant was a member.

Unless otherwise provided for by contract, partners are joint owners and possessors of all the capital stock and assets of the partnership. There is an entire community of right and interest therein between the partners, and each has a concurrent title to all the property belonging to the firm. No one partner has any right to share in the partnership property, except what remains after the payment of the partnership debts, and each partner has the right to have the same applied to the due discharge and payment of all such debts.

It is clear, therefore, that this Court has no power to adjudge $1973.02, or any other sum, to the complainant as his share of the alleged indebtedness of the firm of Abbott & Sons to Abbott & Corner, until it is first ascertained what *is* the said share of the complainant. And it is equally clear that this cannot be ascertained until

there has been a settlement of the partnership accounts of Abbott & Corner. And this the record does not show has been done.

It is true the complainant files as an exhibit what purports to be a statement, showing that $1973.02 is the share to which he is entitled of the alleged indebtedness of Abbott & Sons, but this statement was made by the book-keeper after the dissolution of the firm. It does not show that there was an accounting and settlement and balance struck, made and agreed upon by the members of the firm of Abbott & Corner, nor is there any sufficient evidence to prove that the complainant's partner, Edson A. Abbott, ever acknowledged that such statement truly represented the accounts between them.

If, then, there has been no settlement of the partnership accounts of Abbott & Corner, the present bill cannot be maintained. The complainant has no right to embrace in the same bill an accounting between his partner and himself, and an accounting between Abbott & Sons and Abbott & Corner. The former firm has no interest or connection whatever with the settlement of the partnership accounts of the latter firm, and cannot be burdened with the costs and expenses incident to an inquiry in regard to which they have no interest, and which could not in any manner affect them. It is well settled that you cannot embrace in one bill an accounting between two distinct and independent partnerships.

There was no error, therefore, in dismissing the bill.

*Order affirmed.*

(Decided 30th March, 1880.)