## JOHN BRUNS *vs.* CHARLES H. HEISE ET AL.

*Bill for Contribution by Surviving Partner for Firm Debts Paid.*

A bill by a surviving partner against the personal representatives of a deceased partner alleged that the partnership assets were insufficient to pay all the partnership creditors in full, that the plaintiff had personally paid certain firm creditors and prayed that the defendants be required to pay from the estate of the deceased partner one-half of the firm debts so paid by the plaintiff. The bill did not allege that there had ever been an ascertainment of the accounts between the partners, nor did it ask for an accounting in this case, but alleged that other proceedings were pending for a dissolution of the firm. The other partners were not made parties to the bill, and it was merely alleged that they had no personal estate. *Held*, that the bill does not state a proper case for contribution and that a demurrer to it should be sustained.

Appeal from the Circuit Court of Baltimore City (SHARP, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER and JONES JJ. ·

*Wm. S. Bansemer* (with whom were *R. B. Tippett & Bro.* on the brief), for the appellant.

*Thos. Ireland Elliott,* for the appellees.

SCHMUCKER, J., delivered the opinion of the Court.

This is an appeal from a decree of the Circuit Court No. 2, of Baltimore City, sustaining the demurrer of the appellees to a bill for contribution, filed against them by the appellant, and dismissing the bill.

The bill alleges the following material facts:

On the 9th of November, 1892, the appellant and the late William Heise, who were at the time co-partners in the lumber business in Baltimore City under the firm name of Heise & Bruns, entered into an agreement that in the event of the death of either of them the said business should be continued under the same firm name for five years by the survivor and such representative of the deceased partner as might be named in his last will and testament. William Heise died shortly after the making of the agreement, having by his last will designated his wife, Mary Heise, to represent his estate in the firm of Heise & Bruns under the terms of the agreement. He also by his will made his said wife his executrix and the life tenant of his estate with remainder to his eight children whose names are mentioned in the bill. Prior to the death of William Heise his son William and John T. Bruns, the son of his partner, were each given an interest in the profits of the firm which they continued to retain and enjoy until its final dissolution at the death of Mary Heise in 1899.

After the death of William Heise, the elder, his widow, Mary Heise, executed a formal acceptance of his designation of her to represent his interest in the firm and covenanted to execute the terms of the agreement of November 9th, 1892,

between him and John Bruns,   The partnership business was then continued, for the benefit of the estate of the deceased partner to the extent of his interest therein, for the five years provided for in the agreement.   At the expiration of that time it is alleged in the bill that "Mary Heise, widow, as executrix and life tenant with the assent and acquiescence of her children, the remaindermen, continued the estate in the said business, subject to the vicissitudes of the same and the obligations accrued and accruing upon said estate" until her death in 1899.   After her death proceedings for the dissolution of the partnership and the winding up of its affairs were instituted in the Circuit Court of Baltimore City and were still pending at the filing of the present bill.

John Mehring and Margaret Horstman were creditors of the original firm of Heise & Bruns for loans made in 1884 which were, upon the payment of the interest thereon as it fell due, from time to time extended until the final dissolution of the last firm after the death of Mary Heise in 1899.   It appearing after the dissolution that the firm's assets were insufficient to pay its debts in full, those two creditors by threatening suit against the appellant compelled him to pay the balances of $2,500 and $1,300 due to them respectively.

The bill then alleges that William Heise, Jr., and John T. Bruns, two of the surviving partners of the firm have no individual estate but that the appellees as administrators *d. b. n. c. t. a.* of the estate of William Heise, the elder, have received more than sufficient personal estate of their decedent to answer to one-half of the amounts which the appellant was compelled to pay to Mehring and Mrs. Horstman in payment of the firm's debts.

The prayer of the bill is that the defendants as administrators *d. b. n. c. t. a.* be required to pay and contribute to the appellant one-half of the partnership debts so paid by him.

William Heise, Jr., and John T. Bruns, who became partners in the firm by sharing in its profits are not made parties to the case, although the former is a defendant in his capacity of administrator, nor does the bill allege that there has ever

been an ascertainment of the state of the accounts between the partners by agreement or otherwise, nor does it ask for an accounting between them in this case.

The appellees demurred to the bill, for the reasons that it was bad in substance, and that the plaintiff had a sufficient remedy at law and for other reasons to be made known at the hearing.

The jurisdiction of equity to decree an accounting or a contribution or both as between partners or their representatives is undoubted. The usual and indeed almost only effectual tribunal for that purpose is a Court of equity although it often happens that after a settlement of the accounts between the partners one of them may sue the other at law on the partnership agreement to recover the balance ascertained by the settlement to be due him. *Story's Eq. Jur.*, vol. 1, sec. 504; *Bruns* v. *Spalding*, 90 Md. 360; *Glenn* v. *Hebb*, 12 G. & J. 271; *Wilhelm* v. *Caylor*, 32 Md. 166; *McKaig* v. *Hebb*, 42 Md. 234–5; *Riarl* v. *Wilhelm*, 3 Gill, 363; *Turner* v. *Halloway*, 61 Md. 223.

As the bill alleges that the debts in respect to the payment of which the appellant now asks for contribution were for loans of money made to the firm of Heise & Bruns during the lifetime of William Heise, the elder, and extended to the firm from time to time, on the payment of interest, both during his lifetime and afterwards until they were paid by the appellant, he would *prima facie* be entitled to a contribution from his co-partners, provided there was nothing in the state of the accounts between them to affect or defeat his claim. But he would not be entitled to enforce such contribution irrespective of the state of accounts between the partners. The other partners or some of them may have paid debts due by the firm to other persons in respect to which they may be entitled to contribution from the appellant or he may have overdrawn his account with the firm. The bill does not state that there has ever been a settlement of the partnership accounts nor does it contain nor is it accompanied by anything which even purports to be a statement of those accounts. Under such cir-

cumstances the appellant is not entitled to maintain the present bill, which does not ask for a final adjudication of the partnership accounts, but only for the enforcement of his claim as a partner against the appellees growing out of a single transaction made by him in relation to the partnership business. *Corner* v. *Gilman*, 53 Md. 364; *Grove* v. *Fresh*, 9 G. & J. 296. Nor does the present suit embrace all of the parties requisite to a general accounting of the partnership affairs and the ascertainment of the relative position of the several partners, as two of the partners are omitted. The bill alleges that those two partners have no individual estate, but that allegation does not sufficiently explain their absence. As was said by this Court in *McKaig* v. *Hebb*, 42 Md. 231: "It is well settled that in a proceeding to obtain an account of a partnership all the partners are necessary parties."

Furthermore it appears from the allegations of the bill that "proceedings for the dissolution of the said partnership and the winding up of its affairs had been instituted" in a Court of equity and were still pending when the present case was commenced, but the bill does not say whether or not there was any statement of accounts between the partners in that proceeding or offer any explanation of the appellants failure to assert therein the claim for contribution which he now sets up.

We think the demurrer to the bill was properly sustained and we will affirm the decree appealed from.

*Decree affirmed with costs.*

(Decided March 22nd, 1905.)