## C. FORD SEELEY *v.* ROBERT W. DUNLOP.
[No. 8, April Term, 1929.]

380

*Decided May 23rd, 1929.*

The cause was argued before Bond, C. J., Urner, Adkins, Offutt, Digges, and Parke, JJ.

*Lee S. Meyer* and *Wallis Giffen*, submitting on brief, for the appellant.

*Ralph Robinson*, for the appellee.

Parke, J., delivered the opinion of the Court.

The amended bill of complaint of Robert W. Dunlop against C. Ford Seeley alleged a partnership was formed on or about July 22nd, 1924, between the plaintiff and the defendant, and that the partnership continued until March 1st, 1926, when it was terminated, the plaintiff having faithfully performed his part of the contract. The other allegations were that the business of the partnership was to deal in the certificates of beneficial interest of the Chapman Self Locking Nut Company and other securities; and that the profits, less expenses, were to be divided equally; that, shortly

after the termination of the partnership, the plaintiff discovered that the defendant had not accounted for all the net profits, and that by reason thereof a large sum of money was due from the defendant to the plaintiff, who had thereupon made a demand upon the defendant for an accounting, and an opportunity to inspect an account book or ledger in which were entered all the details of the partnership accounts, transactions, and business, but the defendant had refused to account and to permit the plaintiff to have access to the account book or ledger since March 1st, 1926, although the same was subsequently in the exclusive possession of the defendant. The bill of complaint, also, avers that upon the defendant's refusal the plaintiff brought an action at law against the defendant, in which the aforesaid partnership agreement was set out, as was the full performance by the plaintiff, the aforesaid breach by the defendant, and a claim for damages of $15,000; and that the parties were at issue on the defendant's two general issue pleas and a third plea of set-off. The bill then concludes with the allegation that the account book or ledger will show a large sum of money due the plaintiff by the defendant, and that the defendant's set-off is unfounded, but that an inspection of said account book or ledger is absolutely necessary to enable the plaintiff to prepare his case against the defendant and to disprove the set-off, and that, therefore, the plaintiff cannot safely proceed with the trial of his action at law without an examination of the account book or ledger.

The original prayer was (1) that the defendant make a full and true discovery of the number of certificates of beneficial interest of the Chapman Self Locking Nut Company bought, sold, or otherwise traded in by the partnership, together with the names of persons from and to whom the same were bought and sold, and that the defendant be required to account fully for one-half of the net profits derived from such transaction; (2) that the defendant be required to deposit the account book or ledger with the clerk of the equity court for such a reasonable length of time to enable the plaintiff to examine the same so as to enable him to pre-

pare his case against the defendant; (3) that the plaintiff have such other and further relief as his case may require. The bill of complaint was later amended to include a prayer that the defendant be decreed to pay to the plaintiff all sums of money due to him on account of said partnership transactions.

The pleadings which followed that need be considered are first a demurrer, and then the amended answer, since the demurrer was overruled, and the cause submitted for decree upon bill and answer.

Under proper circumstances, equity will entertain a bill for discovery alone, but its jurisdiction is now but seldom invoked, since the various statutory provisions in actions at law, and the moulding of equitable procedure so as to search the conscience of the defendant through answer and interrogatory, and thereby to enforce the discovery of the facts within his knowledge or competency, are generally sufficient. While a bill of discovery is an ancillary proceeding which does not pray for relief and terminates with a proper answer, yet the bill may be for both discovery and relief. *Miller's Equity,* secs. 737-741. In the instant case, the parties and the chancellor apparently regarded this bill of complaint as one for discovery, but the nature of a bill is determined by its allegations and the relief asked. *Miller's Equity Proc.,* secs. 103, 175; *Ridgely v. Bond,* 18 Md. 433, 450; *Witthers v. Denmead,* 22 Md. 135, 145; *Billingslea v. Baldwin,* 23 Md. 85, 107. The sufficiency of the bill must, therefore, depend upon the tenor of its averments and object, when considered in connection with established principles of equity; and the ruling on demurrer will be accordingly determined.

Here the facts alleged show a partnership, its termination, a later discovery by one partner that the other has received and not accounted to him for a large amount of the profits, a retention by such partner of a firm book containing a record of the partnership affairs, and a refusal of the delinquent partner, not only to permit the other member of the partnership to have access to this book, but also to account to him for his share of the net profits. The demurrer admits

the truth of these accusations, which are clear and material violations of the partnership contract, and the rights thereby created; and give to the aggrieved partner a right to discovery and relief in equity. Code, art. 73A, secs. 18(a), 19, 20, 21, 22, 38, 40, 43.

Equity will always intervene to prevent one partner from keeping or concealing the partnership books so that they cannot be inspected by his copartner; and this is true in a suit for the purpose of having an account taken after a partnership has been dissolved. One partner, no more than another, may be excluded from the examination of the books of the firm. It is, furthermore, a gross form of misconduct for one partner secretly and fraudulently to appropriate common net profits to his sole benefit; and equity is peculiarly adapted for the correction of such breaches of the articles of partnership whenever they are discovered. *Burns v. Heise,* 101 Md. 163, 166; Code, art. 73A, secs. 18 (a), (c), 19, 20, 21 (1), 22, 30, 37, 43.

An action at law is alleged by the bill to have been brought by the plaintiff against the defendant to recover damages for the breach of the partnership contract, but, because of the alleged failure of the defendant to account for net profits, which he had covinously appropriated, and the consequent necessity for an account to be taken of the partnership business, this circumstance affords no ground to prevent the bill from being entertained. As a general rule, an action at law between partners to obtain damages for a breach of a contract of partnership does not lie; and there are no facts stated in the bill that show any theory upon which the action at law could be sustained.

It is a uniform rule that, aside from an action of account, one partner may not sue his copartner at law, unless the cause of action was so distinct from the partnership accounts as not to involve their consideration, or the amount recovered would be wholly the separate property of the plaintiff. 2 *Lindley on Partnership,* star paging 564, 567, 569; 1 *Poe, Pl. & Pr.,* sec. 318, p. 264; *Kennedy v. McFadon,* 3 H. & J. 194; *Causten v. Burke,* 2 H. & G. 295; *Morgart v. Smouse,*

103 Md. 463, 468-469, 112 Md. 615, 619, 620; *Wiley v. Wiley,* 115 Md. 646, 657; *Tomlinson v. Dille,* 147 Md. 161, 164. The proceedings are in a court of equity, unless the accounts had all been taken, and the final net balance payable to a particular partner had been made certain, and the balance clearly ought to be paid at once. This is the general rule now in England, and in the various jurisdictions of this country, but, in Maryland, it is subject to the qualification that the common law action of account or account render, though seldom employed, has not fallen into complete disuse and is rescued by statute from obsolescence. *Wilhelm v. Caylor,* 32 Md. 151; Code, art. 57, sec. 1; *Wisner v. Wilhelm,* 48 Md. 1, 12-15; Code, art. 26, sec. 9, as amended by Acts 1888, ch. 447, providing for a trial by jury; *Lynn v. Cumberland,* 77 Md. 449, 457-459; *Himmel v. Levenstein,* 132 Md. 317, 329; 1 *Poe, Pl. & Pr.,* secs. 51, 318, 320; Code, art. 73A, sec. 43; *Bullen & Leake, Precedents of Pleading* (3rd Ed. 1868), p. 229.

In an action of account, there was first the preliminary judgment of *quod computet,* a commission of *audita* was issued referring the account to auditors, who would go over the account item by item, and examine the parties, but had no authority to pass upon controverted items so as to carry on a continuous investigation, but were obliged to refer each disputed item to the court or a jury as a distinct issue of law or fact; and if, after the investigation had been made and the account taken, it was found that the balance was against the plaintiff, no judgment therefor could be entered and no payment could be enforced. *Bispham's Principles of Equity* (8th Ed.), sec. 481; 1 *Harris' Entries* (1801), pp. 108-111; 2 *Id.,* pp. 73-74, 181-182, 661-662, 301-304; *Wisner v. Wilhelm,* 48 Md. 1. This incomplete and unsatisfactory common law remedy has fallen into almost complete disuse because of the superiority of the relief afforded in equity, where discovery may be had and the cause referred to a master, who has power to examine the parties and their witnesses under oath, to compel the production of books and documents, to pass upon the disputed items, and to state the

account, subject, however, in all particulars to the revision or other action of the chancellor upon the coming in of the report. *Bispham's Principles of Equity* (8th Ed.), secs. 482, 484; *Adams' Equity,* 225; *Miller's Equity,* secs. 225 and notes, 228, 311, 535, 555, 556.

It follows that the bill of complaint for discovery and relief in the present case was not subject to demurrer, and the demurrer was rightfully overruled. The amended answer of the defendant denied all the material allegations of the bill in its final form and set forth as his defense a partnership with the plaintiff under a different agreement; its termination on the day alleged by the bill of complaint; an audit of the partnership accounts that showed the plaintiff had withdrawn so much money from the copartnership as to leave the plaintiff indebted to the defendant in a large sum of money; and that this indebtedness was known to the plaintiff at the time of the termination of their partnership, as during the partnership relation he had had, at all times, access to the accounts of the partnership. The defendant concluded his answer with a petition that the court, if it had equitable jurisdiction, should enter a decree in the cause against the plaintiff in the amount he was indebted to the defendant. If these allegations be true, the plaintiff is not entitled to a decree against the defendant. While the answer avers an indebtedness from the plaintiff to the defendant at the close of their copartnership affairs, the answer fails to show that there was a formal stated account wherein the parties had settled an account, and a balance had been struck. The defendant, however, does state facts and conduct on the part of the plaintiff which are not consistent with his present demand, but the inferences to be drawn from these facts and circumstances may be disproved, and, so, an account of the partnership affairs should be taken. *Bispham's Principles of Equity,* sec. 485.

The cause was submitted on bill and answer, which admits all the allegations of the answer except the uncontroverted averments of the bill of complaint. *Manor Coal Co. v. Beck-*

*man,* 151 Md. 102, 110, 111. In addition to a denial of all the equities of the bill, the answer reveals that the action at law begun by the plaintiff against the defendant was on the common counts and a seventh special count. There was a demurrer to this special count, which was overruled, and then a plea of set-off. Issue was thereupon joined, but, before trial, the pending bill was filed. The pleadings are not set out with sufficient particularity to comment upon them, but there is nothing to indicate the action was in account or account render. As noted by Bispham: "The jurisdiction in equity depending not so much on the absence of the common law remedy as upon its inadequacy, its exercise is a matter in the discretion of the court; in other words, the court will take upon itself to say whether the common law remedy is, under the circumstances of the case, and in view of the conduct of the party, sufficient for the purposes of justice, or whether the interference of the court of chancery may be properly called for and beneficially applied." Section 484.

The dispute between the partners as to the true state of their partnership affairs, the conflicting nature of the cross-demands of the copartners, the charge of a fraudulent concealment of profit, and the necessity for a discovery and an accounting before a settlement can be made of the partnership business, make a court of equity the proper jurisdiction for the rights of the parties to be ascertained and decreed. *Supra. Miller's Equity,* secs. 721, 258; *Grove v. Fresh,* 9 G. & J. 280, 296; *Snell's Equity* (15th Ed.), 504-508. See *Hill v. Pinder,* 150 Md. 397, 414. The order passed by the chancellor was merely for discovery. He should have retained the bill for a discovery and an account in equity, and the cause will be remanded for that purpose.

> *Decree reversed, with costs, and cause remanded, for further proceedings in conformity with this opinion.*