(October Term, 1941)

---

## SWANSON v. JOHNSON

(No. 2206; February 24, 1942; 122 Pac. (2d) 423)

2

For the appellant, the cause was submitted on the briefs of *Harold M. Johnson* of Rawlins.

For the respondent, the cause was submitted on the brief of *Armstrong & Armstrong of Rawlins.*

*Harold M. Johnson* in reply.

RINER, Chief Justice.

The district court of Carbon County awarded Gideon Swanson a judgment for $1926.50 against P. J. Johnson, under date of December 12, 1940. Theretofore Swanson as plaintiff had instituted suit in the court aforesaid against Johnson as defendant, claiming there was due plantiff from Johnson the sum of $2298.23, this sum being alleged to be the amount owing plaintiff by the defendant on account of the sale by Swanson to Johnson of the former's one-third interest in a partnership previously existing between them in the retail liquor business. This partnership was operated under the firm name and style of "Tivoli Mercantile Company". The claim thus made was met by the defendant through a general denial and a counter-claim asserting $400.54 over payment in merchandise delivered to Swanson by Johnson. A reply was filed by the defendant putting in issue the new matter set forth in the counterclaim just mentioned.

A trial was had to the court without a jury, which resulted in a general finding in favor of plaintiff and a judgment as described above. The parties will be hereinafter designated as "plaintiff" and "defendant" or by their respective names.

Apparently the chief problem confronting the trial court was whether the value of the partnership business aforesaid was to be taken as approximately $18,-000, as asserted and testified to by the plaintiff and by evidence given in his behalf, or approximately $10,000, as claimed and testified to by defendant and supported by his evidence. Additionally, it may be noted that the amounts paid by defendant to plaintiff on account of this sale, and which were for the most part in merchandise delivered to plaintiff by defendant, in payment of the purchase price of plaintiff's interest in the business, are likewise in dispute. In connection with these problems it is urged in this court that plantiff failed to prove by a preponderance of the evidence that defendant was indebted to plaintiff in any amount and that in any event the court could only enter judgment against defendant for $342.98.

A careful and extended study of the long record submitted to us has made it plain that the questions suggested in the foregoing paragraph must be resolved by the well known formula governing appellate practice that "where the evidence is conflicting and there is substantial evidence to support the finding and judgment of the trial court"—the finding in the case being generally in favor of the plaintiff as above stated—this court will not undertake to substitute its own conclusions in favor of those reached by the trier or triers of fact in the district court. The evidence in the case was hopelessly in conflict and seriously confused both as to what should be regarded as the value of the interest sold by plaintiff to defendant and as to the payments made by the latter to the former. The

amount of $342.98, beyond which it is claimed by defendant that the court below could not go, appears to be calculated on the basis that the court should have adopted the theory of the defendant. This the trial court evidently declined to do. The defendant and appellant concedes that the "testimony is conflicting". Under such circumstances there could be no useful purpose subserved in reviewing the evidence in the case at length and we shall not undertake to do that.

Neither the plaintiff nor the defendant makes it clear to us just how the trial court arrived at the judgment given. The plaintiff is not here complaining of the result, and, of course, the burden of showing that the district court committed error in its disposition of the questions of fact involved in the case and in its judgment rendered thereon rested upon the appealing party. As already intimated, our study of the record has convinced us that he has not successfully assumed that burden and our ruling must be with that fact in mind. If the defendant was dissatisfied with the judgment he could easily have requested the court to put that matter in such shape as to make it clear just what elements entered into the judgment with which he was dissatisfied and thereby, if he had any criticisms to make, he could have intelligently and clearly presented that matter for consideration here. This, as we have said, the defendant did not do.

The trial court, upon application duly made before trial by the plaintiff Swanson, made an order for the examination of certain specified books and records of the partnership business from the "1st day of March, 1936, until the dissolution of the partnership between the plaintiff and defendant on or about the 25th day of July, 1936", the date last mentioned being the date of the consummation of the sale by Swanson to Johnson of the former's interest in the partnership business and necessarily the date when the business asso-

ciation between the two parties was dissolved. Leave was also given the plaintiff to make copies of these records and in the event the parties could not agree on a time and place when this order should be carried out and who should be present thereat, the order provided that a further order would be made by the court determining these matters. The parties being unable to agree the court made the additional order as indicated. It is at this time claimed that the district court committed error in making these orders. We do not think so.

In 27 C. J. S. 106, Section 71, the text states:

"Thus, in an action between partners, production and inspection of the partnership books will be ordered almost as a matter of course when such production and inspection is sought by one of the partners.'"

Section 81-402 W. R. S., 1931, provides:

"The partnership books shall be kept, subject to any agreement between the partners, at the principal place of business of the partnership, and every partner shall at all times have access to and may inspect and copy any of them."

While it has been held that this Section refers to a going partnership (Sanderson v. Cooke, 256 N. Y. 73, 175 N. E. 518), still it is indicative of the course to be pursued by the trial courts in the exercise of a wise discretion in such matters, even when the control of the books of the partnership involving transactions of the parties to a lawsuit, has passed into other hands. For example, in the Sanderson case, supra, the court pointed out that:

"Equity is very liberal in permitting a partner to examine the partnership books, even when the property in them has passed into other hands. Any plaus-

ible or sufficient reason for the protection and enforcement of rights or for the preservation of evidence will move the court."

See also Seeley v. Dunlop, 157 Md. 378, 146 A. 273.

Then there is our Section of the Code, 89-1730, W. R. S. 1931, which reads so far as here pertinent:

"Either party, or his attorney, may also demand of the adverse party an inspection and copy, or permission to take a copy, of a book, paper, or document in his possession, or under his control, containing evidence relating to the merits of the action or defense," * * * *.

Finally appellant Johnson states in his brief filed herein:

"The inspection of defendant's books and papers was had after the case was at issue. He used none of the evidence found in defendant's books."

In the light of all these authorities and the concession made by defendant in his brief we quite fail to see how the district court's orders aforesaid were improper and prejudicial to the defendant.

Complaint is also made that the district court mistakenly allowed plaintiff "to amend his reply and petition as recited in the judgment". This amendment appears to have been sought by the plaintiff after the case was tried and at the time when the parties submitted their arguments with all the pleadings and proofs before them and the court and before the latter had given its judgment.

The judgment in question, after in substance stating that following the conclusion of the evidence in the case, the arguments had thereon by counsel and the cause submitted to the court for decision, plaintiff made a motion that he be permitted to amend his reply and petition "to conform with the proof offered at the

trial" of the cause, gave leave to thus correct those pleadings by striking out a specified portion of said reply and inserting in lieu thereof:

"That by mutual oral agreement the plaintiff was to take and did take a promissory note executed by L. J. Huner for $1,955.25 in settlement of his interest in the fixtures of the Tivoli Mercantile Company; and by written agreement plaintiff did sell on said date his one-third interest in the stock of goods of said Tivoli Mercantile Company to the defendant for $3,333.33."

We are unable to see any merit in this claim of error and for the following reasons:

The defendant himself by a written motion made at the time the issues were being framed in the case requested the court to strike out the material, together with several additional sentences, from plaintiff's reply, which material plaintiff finally concluded, after the proofs were in, was not needed. When this motion was presented first, not knowing what the proofs would be, the district court denied the motion dealing with the matter, and defendant reserved his exception thereto. The defendant would hardly appear to be consistent in his positions concerning the question of taking out of the case the matter he regarded as undesirable. It is evident the court only changed its ruling aforesaid after listening to all the evidence and arguments of both parties.

The relevant portion of Section 89-1063 W. R. S. 1931, as applicable to the record submitted, reads:

"The court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or, when the amendment does not change substantially the claim or defense, by

conforming the pleading or proceeding to the facts proved; * * * ".

Under this provision of the code, as well as its general powers as a court of justice, in the exercise of a proper discretion, the district court could allow the amendment in question. As already indicated, the amendatory matter aforesaid merely embodied an allegation of plaintiff's position in the case and it dealt with the principal question litigated between the parties. Both the plaintiff and defendant submitted evidence below both pro and con on the point. There was and is no reasonable claim that the introduction of this material in the plaintiff"s pleadings misled, hampered or surprised the defendant in any way in meeting plaintiff's allegation thus set forth. The trial court was extremely liberal in allowing each party to shed what light he could in the introduction of evidence relating to an apparently confused business transaction, as witnesses the extended record now before us.

Although we do not consider it necessary or useful to do so, we deem it sufficient to say that authorities could be gathered and listed here in abundance sanctioning the action of the trial court, under the circumstances presented, in permitting the amendment which was allowed as aforesaid. We are quite unable to say that the court abused its discretion in doing as it did. Under the view we take of the entire record, we are compelled to affirm the judgment and an order will be entered accordingly.

*Affirmed.*

KIMBALL and BLUME, JJ., concur.