MARY ELIZABETH FOWLER, ET AL. *v.* ALICE
FRANCES LOUGHLIN, ET AL.

[No. 18, January Term, 1944.]

*Decided March 23, 1944.*

The cause was argued before SLOAN, C. J., DELAPLAINE, COLLINS, MARBURY, MELVIN, and BAILEY, JJ.

*Benjamin F. Freeney,* with whom were *Wilmer Cronin, Simon E. Sobeloff* and *Avrum K. Rifman* on the brief, for the appellees.

Court declined to hear argument, but *William S. James* and *Robert H. Archer* appeared on the brief for the appellants.

MELVIN, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court for Harford County, overruling a demurrer to a bill of complaint which sought a receivership for, and the dissolution of, an alleged partnership. The facts stated in the bill are substantially these:

Edward J. Loughlin, Sr., late of Harford County, Maryland, deceased, conducted a restaurant business in the village of Edgewood in said county for more than ten years prior to his death in 1929. The premises he occupied for that purpose, and also as living quarters for himself and family (consisting of his wife and three sons), were held under a lease from one Julius Hein, as lessor, and the said Edward J. Loughlin, Sr., as lessee. This lease was for twenty years from September, 1928, with the privilege of renewal for another twenty years period.

Upon the death of their father—their mother having pre-deceased him—the three sons, Edward J. Loughlin, Jr., Leonard L. Loughlin and Eugene J. Loughlin, proceeded, on the basis of an equal partnership with an equal share in the profits, to carry on the said restaurant business at the same place and under the lease aforesaid. One of the sons, Edward J. Loughlin, Jr., died on August 6, 1941, and his widow, Mary Elizabeth Loughlin, took his place as an equal partner with her two brothers-in-law. On January 30, 1943, she married Claude V. Fowler, Jr., and these two became the respondents (appellants) in the instant case.

Another son, Leonard L. Loughlin, died on July 23, 1942, and his widow, Alice Frances Loughlin, one of the complainants (appellees), took his place as an equal partner in said business, the third partner continuing to be the only surviving son, Eugene J. Loughlin, the other complainant (appellee).

Several months prior to the marriage of the respondents (appellants), differences arose among the partners as to the division of the accumulated profits of the business, but this dispute was amicably adjusted in September, 1942, and counsel for the respondent Mary Elizabeth Loughlin (now Fowler) was delegated to draw a new partnership agreement between her and the complainants. Althought no written instrument was ever submitted to the complainants the partnership

continued to operate in accordance with this agreement, each of the partners receiving from that time a drawing account of $50 weekly, in addition to an equal share in the profits.

Shortly after his marriage to the respondent Mary Elizabeth Loughlin, the respondent Claude V. Fowler, Jr., commenced to participate in the said business as agent for his wife, was given, at his wife's persuasion, a salary of $50 a week, and in a very short time assumed control of the business, to the exclusion of the complainants, Eugene L. Loughlin and Alice Frances Loughlin. His first direct overt act was the taking of the liquor license in his own name, which was accomplished by misrepresentation, and then by taking control of the books, records, accounts and business of the partnership, over the protest of the complainants, and by removing these documents to his private home and refusing the complainants access to them. Also, at the instance of the respondents, and without the knowledge or consent of the complainants, the bank account of the partnership was changed to "Loughlin's Hotel" subject to the order of the respondent, Mary Elizabeth Fowler.

After they had thus taken charge of the partnership business and assets, the respondents proceeded to conduct said business in a manner detrimental to complainants' interests therein, particularly as to operations under a local liquor law requiring that the sales of food by the licensees equal the sales of beer and light wines. Prior to the said respondents' assumption of control of the business the partners had complied with this provision of the law, but subsequent to that time the non-compliance has become so serious that the said respondent, Fowler, has been threatened with revocation of the license for this business.

Except for a statement furnished in August, 1943, by the respondent, Fowler, and which the complainants were not given opportunity to verify, they have no idea of the gross or net receipts of the said partnership

business, nor of the amount or number of outstanding bills against the partnership, nor the amount of money to the deposit of Loughlin's Hotel, to which account complainants have no access, nor to the amount deposited, if any, to the credit of the three partners, which account is in the same bank but under the control of the respondents.

The aforegoing allegations of the bill of complaint are coupled with the charge therein that there is a conspiracy on foot between the respondent, Mary Elizabeth Fowler, and her husband, Claude V. Fowler, Jr., to acquire the business and the partnership assets; that the said respondent, Claude V. Fowler, Jr., at the close of business each day takes all of the cash receipts without permitting any of the partners to see them, and carries them to his private home so that the complainants have no knowledge of the financial condition of the said partnership business.

The last paragraph of the bill being brief, and being especially relevant to the issue raised by the demurrer, is here quoted in full: "That in this case, the lease mentioned and described herein is not a partnership asset, and shall not be so considered; but it is contended that the licenses issued for the conduct of the said business are a part of the partnership assets."

The particular relief prayed by the complainants is a receivership for the business, an injunction restraining the respondents from withdrawing any money from either the partnership or Loughlin Hotel bank accounts, and from selling or disposing of any partnership effects, or collecting any debts due thereto, or contracting any debts on account of said partnership, and, finally, that the said partnership may be dissolved under the direction of the Court.

To this bill the respondents demurred, the grounds being, in effect, (1) each of the complainants has failed to show the legal devolution of title in and to the lease in question, and, therefore, has failed to state a cause of action cognizable in equity; (2) the bill does not

allege with sufficient certainty, definiteness and particularity the existence of any partnership or the terms thereof; and (3) the bill is multifarious.

That none of these points is well taken is too obvious to require extended comment. As to the first, it is elementary that upon the death of a lessee his interest in the lease passes to his administrator or executor as a part of his personal estate, and does not belong to a partnership, as such, formed after his death to conduct the business on the leased premises. Yet the respondents (appellants) contend that the complainants are not entitled to relief, principally because they do not allege that they, as partners, have acquired title to the lease. They make this contention notwithstanding the bill expressly states that the lease is not even claimed to be the property of the partnership. Devolution of title under it, therefore, has nothing to do with the case of a receivership for the business, which is the particular relief prayed. Furthermore, the brief for both sides states the fact that the lease is now being dealt with by the administrator of the senior Loughlin's estate, and is being, or has been, sold as an asset thereof. This point needs no further comment.

The second point, that there are no sufficient allegations of a partnership, is likewise unsound, for the reason that the bill does allege facts which clearly show the existence of a partnership and the basis thereof. Here again, we find elementary rules of law which govern the decision. As pointed out by this Court many times, and quite recently, partnership is largely a matter of intention, either expressed or implied, and this intention may be manifested by the conduct of the parties toward each other and by the circumstances generally surrounding their transactions. *Collier v. Collier*, 182 Md. 82, 32 A. 2d 469, 472; *Southern Can Company v. Sayler*, 152 Md. 303, 314, 136 A. 624; *Morgart v. Smouse*, 103 Md. 463, 63 A. 1070, 115 Am. St. Rep. 367, 7 Ann. Cas. 1140; *Morgart v. Smouse*, 112 Md. 615,

54

77 A. 137; *Townsend v. L. J. Appel Sons, Inc.,* 164 Md. 255, 164 A. 679; *Thillman v. Benton,* 82 Md. 64, 33 A. 485.

This test is applicable especially as between the parties themselves and where rights of third parties are not involved. 20 *R. C. L.,* p. 831; *Bull v. Schuberth,* 2 Md. 38, 55.

The bill of complaint in this case not only show facts which manifest the intention of all of the parties to create a partnership for the conduct of the business in question, but there is, in addition, the specific allegation that in September, 1942, the then partners entered into a definite new agreement under which they have continued to operate, on the basis of equal shares and equal participation in the profits. This allegation, in itself, is sufficient to show a partnership within the definition set out in the Code, namely: "(Partnership Defined.) (1) A partnership is an association of two or more persons to carry on as co-owners a business for profit." Code (1939 Ed.), Art. 73A, Part II, Sec. 6.

Both the existence of a partnership and the respondent's breach of their obligations thereunder (Code, 1939, Art. 73A, Part IV, Secs. 19-22) having been shown by the allegations of the bill, and there being no merit in the charge of multifariousness, a clear case for relief in equity has been made out. *Seeley v. Dunlop,* 157 Md. 378, 382, 383, 146 A. 271; *Noel v. Noel,* 173 Md. 152, 195 A. 315; *Pomeroy Eq. Jur.,* 5th Ed., Sec. 2365.

It follows that the demurrer to the bill should, of course, have been overruled, and the chancellor's order so doing will be affirmed.

*Order affirmed and case remanded, with costs to the appellees.*