508

Joseph D. McNULTY and Hays
MacFarland

v.

Henry W. HEINE.

Civ. No. 8351.

United States District Court
D. Maryland.

Jan. 20, 1956.

Ober, Williams, Grimes & Stinson,
Baltimore, Md. (Frank B. Ober and Al-
exander Harvey, II, Baltimore, Md.), for
plaintiffs.

Paul M. Higinbothom and Paul R.
Kach, Baltimore, Md., for defendant.

R. DORSEY WATKINS, District Judge.

This is a suit brought by two nonresident partners against the third nonresident member of the partnership for a dissolution of the partnership; for an accounting by the defendant; for full access to any information concerning inventions, patent rights and patent applications in the possession or control of the defendant; for the enforcement of the plaintiffs' equitable lien as partners in all of the partnership property; and for a distribution of said property. Personal service was had on the defendant within the State of Maryland. The jurisdiction of this court is asserted under the provisions of Title 28 U.S.C. § 1655, as an action to enforce a lien upon or claim to real or personal property within the district. The jurisdictional requirements of diversity of citizenship and amount in controversy are not in question.

The defendant has moved for dismissal on the ground of improper venue in that the action is not local in character or an in rem proceeding, and, therefore, the general venue provisions of Title 28, U.S.C. § 1391(a) alone are applicable.

The plaintiffs, each of whom is a citizen and resident of Illinois, and the defendant, a citizen and resident of the District of Columbia, entered into a partnership for the purpose of manufacturing and selling ceramic tile. The business address of the partnership is Chicago, Illinois, and its income tax returns have always been filed from there. However, all of its records have always been kept in the District of Columbia. The bill of complaint alleges that under the terms of the partnership agreement the defendant's interest in all inventions and patent applications and rights became partnership property; that with funds received pursuant to a license agreement with Celotex Corporation, a Delaware Corporation, a steel building housing a gas-fired kiln was constructed at Buckeystown, Maryland, and the necessary equipment installed; and that the partnership has fully performed under the terms of the said license agreement. The Buckeystown plant was shut down in May, 1954 according to the defendant's testimony. The licensee, Celotex Corporation, placed one hundred thousand dollars in escrow which was to be returned to the licensee or paid over to the partnership depending upon the fulfillment of certain conditions as set out in the license agreement. The partnership agreement provided that the partnership was to terminate on June 12, 1956 or upon written notice of any party at any time after the one hundred thousand dollars had been paid either to the Celotex Corporation or to the partnership. No such written notice has been given, and the sum in question is still being held in escrow. The plaintiffs further allege that all of the account books, records and other documents as well as the patent rights, applications and information relating thereto are in the exclusive control of the defendant who has repeatedly refused to give the plaintiffs full information concerning the partnership's assets and liabilities; the validity and worth of its inventions, patent rights, and applications; and the amount of the defendant's contribution to said partnership.

The general venue provisions applicable in cases where federal jurisdiction is founded on diversity of citizenship are set out in Title 28 U.S.C. § 1391(a) and require, except as otherwise provided by law, that a civil action be brought only in the judicial district where all plaintiffs or all defendants reside. However, in local actions where the proceedings are in rem against property within the judicial district in which suit is brought, the courts have consistently held the provisions of Title 28 U.S.C. § 1655 to be controlling. Section 1655 of U.S.C. Title 28 is based on Section 57 of the Judicial Code, Title 28, U.S.C., 1940 ed. § 118. As the phraseology of these sections for the purposes of this suit is substantially the same, reference will be made to cases construing both the present and the earlier sections. Section 1655 provides in part:

"In an action in a district court to enforce any lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to, real or personal property within the district, where any defendant cannot be served within the State, or does not voluntarily appear, the court may order the absent defendant to appear or plead by a day certain."

In McQuillen v. National Cash Register Company, 4 Cir., 1940, 112 F.2d 877, certiorari denied 1940, 311 U.S. 695, 61 S.Ct. 140, 85 L.Ed. 450; rehearing denied, 1940, 311 U.S. 729, 61 S.Ct. 316, 85 L.Ed. 474, these provisions were construed as venue provisions in special in rem proceedings; the jurisdiction of the court was limited to claims in rem; the essential requisites to suit were pointed out; and the validity of a special appearance by the defendant was recognized. In discussing the requisites to be fulfilled, the court said, in language peculiarly apt to this case, (112 F.2d at page 880):

" * * * The proceeding must be in aid of some pre-existing claim, existing prior to the suit in question, and not a proceeding to create for the first time a claim to the property as the effect of the proceeding itself * * *."

There is no question in the instant case but that there is some tangible partnership property within this judicial district, namely, the steel building housing a kiln and the machinery and equipment still remaining therein, but the relief which the plaintiffs seek is not limited to such property. In their bill of complaint they ask, in addition to other relief, that their lien against the property of the partnership be enforced and said property distributed. This would include proceeding against the partnership property in Washington, D. C., as well as any patent rights or applications alleged to belong to the partnership. Prior decisions of this court have clearly held that a patent right or application is not a res with a definite situs but an intangible property interest. (Rainbow Rubber

Co. v. Holtite Manufacturing Company, Inc., D.C.D.Md.1937, 20 F.Supp. 913, 916; Standard Stoker Company, Inc., v. Lower, D.C.D.Md.1931, 46 F.2d 678, 681). Under the provisions of Title 28 U.S.C. § 1655, any lien or claim asserted must be limited to property within the judicial district of this court. Accordingly, this opinion will deal with the plaintiffs' complaint as though it had been amended to enforce a lien only upon the property of the partnership located within this judicial district.

The action is not based upon a claim that the defendant is improperly asserting title to assets which in fact belong to the partnership. So far as appears from the complaint, and the testimony taken on the motion to dismiss, all assets belonging to the partnership are held in its name. The prayer for enforcement of plaintiffs' "equitable lien as partners in the property of the partnership and providing for a distribution of said property" must therefore be read in this light.

■■ Under Section 25(1) of Article 73A of the Maryland Code of Public General Laws, 1951 Edition (embodying the Uniform Partnership Act) a partner is a co-owner with his partners of specific partnership property, holding as a tenant in partnership. An incident of this tenancy or "equitable lien" is the right to have partnership property applied to partnership debts. Holloway v. Turner, 1884, 61 Md. 217, 220; 68 C.J.S., Partnership, § 98, p. 538. Upon dissolution, this equitable lien entitles a partner to his pro rata share after the partnership affairs are wound up. Hoyt v. Sprague, 1880, 103 U.S. 613, 624, 26 L. Ed. 585; Henderson v. Ries, 1901, 4 Cir., 108 F. 709, 714; Pritzker v. Stern, 1947, 187 Md. 499, 505, 51 A.2d 69; Art. 73A, § 38 of the Maryland Code of Public General Laws, 1951 Edition.

■ Had the partnership been dissolved, this court might well order a liquidation of partnership assets within the district, and a distribution of the proceeds. But the partnership has not been dissolved. The plaintiffs seek to overcome this difficulty by asking that

this court dissolve the partnership. The argument of plaintiffs is—if the partnership were dissolved, this court would have jurisdiction under Title 28, § 1655, to effect a distribution; therefore, the court should dissolve the partnership and so acquire jurisdiction.

Equity jurisdiction is generally exercised in personam and depends upon the control of the court over the person of the parties. Massie v. Watts, 1810, 6 Cranch. 148, 10 U.S. 148, 3 L.Ed. 181; Phelps v. McDonald, 1879, 99 U.S. 298, 25 L.Ed. 473; Ager v. Murray, 1882, 105 U.S. 126, 131, 26 L.Ed. 942; Carpenter v. Strange, 1891, 141 U.S. 87, 11 S.Ct. 960, 35 L.Ed. 640; Dorsey v. Omo, 1901, 93 Md. 74, 48 A. 741; Evans v. Zouck, 1937, 172 Md. 12, 190 A. 523; see also Gunther v. Draunbauer, 1897, 86 Md. 1, 38 A. 33. Actions for dissolution of a partnership are equitable in nature, Seeley v. Dunlop, 1929, 157 Md. 378, 383, 386, 146 A. 271; Noel v. Noel, 1937, 173 Md. 147, 151, 195 A. 322; Noel v. Noel, 173 Md. 152, 195 A. 315; Mervis v. Duke, 1938, 175 Md. 300, 2 A.2d 11; see also Wathen v. Pearce, 1939, 175 Md. 651, 660, 3 A.2d 486; Fowler v. Loughlin, 1944, 183 Md. 48, 36 A.2d 671; 1 Poe, Pl. & Pr., sec. 318; and venue is determined by the residence of the parties, not the situs of partnership assets, Jarvis v. Hamilton, 1952, 73 Idaho 131, 246 P.2d 216; Haverly v. Haverly, 1949, 326 Mich. 384, 40 N.W.2d 194; 33 A.L.R.2d 914; 68 C.J.S., Partnership, § 412, p. 935.

This court cannot assert a nonexistent in personam jurisdiction in order to create an in rem jurisdiction. Such in personam relief under the precepts set out in McQuillen v. National Cash Register Co., supra, is not available to the plaintiffs under the venue provisions of section 1655 in the absence of a general appearance by the defendant. Here the defendant has expressly raised the venue issue.

Other cases have recognized the distinction between enforcing a partner's lien after dissolution of the partnership and trying to dissolve an existing partnership to establish an enforceable lien. In De Rees v. Costaguta, 2 Cir., 1921, 275 F. 172, 177, appeal dismissed 254 U.S. 166, 41 S.Ct. 69, 65 L.Ed. 202, certiorari denied 257 U.S. 648, 42 S.Ct. 56, 66 L.Ed. 415, the alleged partnership having been terminated prior to suit by the giving of the required three months' notice, the court by way of dicta recognized the right of a nonresident partner to seek an accounting as well as to enforce his lien against his nonresident co-partner but specifically limited this right to the type of lien such as was before the court in Hoyt v. Sprague, supra; in other words, a lien then presently enforceable due to the dissolution of the partnership upon the death of one of the partners. In Porter v. Cooke, D.C.W.D. La.S.D.1931, 58 F.2d 1033, sixteen nonresident plaintiffs brought suit on behalf of themselves, and any of seven hundred other investors who might care to join them, against three individual defendants, two of whom were nonresidents, and against four corporations, two of which were nonresidents, for enforcement of their so called partners' lien on property held not in the name of the partnership but rather in the name of the individual or corporate defendants. The lower court, at pages 1038–1039, stated:

> "However, this proceeding does not seek the establishment of an immediate title to or lien in favor of the complainants upon property within this district, but that the entity denominated a partnership first be declared to be the owner, that it be liquidated, and the residue divided between the petitioners and others, as their interests may appear. * * * the rights of the claimants * * * are eventual. They do not rest upon a title or lien upon any particular property existing at the filing of the suit, but upon results which flow from the courts having first exercised jurisdiction."

While the appellate court overruled the lower court in Porter v. Cooke, 5 Cir., 1933, 63 F.2d 637, it did so on the basis

**512**

that whether or not a partnership existed the plaintiffs under the allegations of their bill of complaint were entitled to enforce an equitable lien arising from a resulting trust with respect to the money which they had given the defendants to acquire the leases of oil and gas fields. The case has been cited by the courts as dealing with a trust but never as an action to require a dissolution of a partnership, an accounting, and a distribution of partnership property (Seven Oaks v. Federal Housing Administration, 4 Cir., 1948, 171 F.2d 947, 950; Porter v. Cooke, 5 Cir., 1942, 127 F.2d 853, 854, certiorari denied 317 U.S. 670, 63 S.Ct. 75, 87 L.Ed. 538, rehearing denied 317 U.S. 710, 63 S.Ct. 204, 87 L.Ed. 565).

An analogous situation has arisen in regard to trust estates. When a nonresident beneficiary of a trust which had terminated fourteen years prior to his bringing suit, sought an accounting from a nonresident heir of a deceased executor-trustee in regard to trust property situated within the judicial district, which property the decedent had allegedly converted to his own use, the court treated the action as one to establish a constructive trust as to the said property with the accounting being incidental or subordinate thereto and not a prerequisite to the establishment of an enforceable claim or lien. (Williams v. Williams, 7 Cir., 1932, 61 F.2d 257, certiorari denied 288 U.S. 612, 53 S.Ct. 404, 77 L.Ed. 986). However, when one of the beneficiaries of an active trust sought construction of the will creating the trust, an appointment of persons to take from the nonresident trustees any assets of the estate due the nonresident beneficiary, a lien on all trust assets within the judicial district to secure what was due the plaintiff, and an injunction against the trustees from paying any funds until the plaintiff's claim was satisfied, relief was denied. The court held that this was not a local action but one in personam to "inform and compel action on the part of the trustees" and that therefore, the plaintiff could not rely on the venue provisions re-

lating to special in rem proceedings. (Findlay v. Florida East Coast Railway Company, 5 Cir., 1934, 68 F.2d 540, 542, certiorari denied 292 U.S. 623, 54 S.Ct. 629, 78 L.Ed. 1478).

█ In the court's opinion, this action cannot be maintained as a proceeding under Title 28, § 1655. It, therefore, becomes unnecessary to consider plaintiffs' other contention that if the action were so maintainable, relief in personam could be granted even if no general appearance were entered by or on behalf of the defendant.

The motion to dismiss on the ground of improper venue is granted.